IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **IOWA NETWORK SERVICES, INC.,**  )<br>  )<br>**Plaintiff,**  )<br>  )<br>**v.**  )<br>  )<br>**SPRINT COMMUNICATIONS**  )<br>**COMPANY, L.P., SPRINT NEXTEL**  )<br>**CORPORATION, SPRINT UNITED**  )<br>**MANAGEMENT COMPANY, and**  )<br>**SPRINT CORPORATION,**  )<br>  )<br>**Defendants.**  )<br>_____)  | **CIVIL ACTION**<br><br>**Case No. 09-2393-CM** |

## MEMORANDUM AND ORDER

Plaintiff Iowa Network Services, Inc. brings this action against four Sprint companies, claiming that the Sprint companies (collectively "defendants")[1] breached plaintiff's Centralized Equal Access tariffs. Plaintiff characterizes the action as a collection action arising from defendants' failure to pay for services that plaintiff provided to defendants. Defendants disagree about the nature of the action, and contend that the issues in this action deal with "matters of policy and regulation critical to the Iowa telecommunications industry." (Doc. 21, at 1.) Defendants filed two companion motions: a Motion to Transfer (Doc. 20) and a Motion to Stay (Doc. 22). They request a stay of this action while the court considers the motion to transfer. Because the motions became ripe on October 16, 2009, and this ruling addresses the motion to transfer, there is no need to stay the case. Defendants' motion to stay is denied as moot.

---

[1] Plaintiff does not raise all allegations against all defendants. Because the distinction between defendants is substantively irrelevant here, and for ease of reference, the court will repeatedly refer to all defendants in the collective. But this is not intended to suggest that the court believes that plaintiff has raised all allegations against all defendants.

Defendants first ask the court to transfer this case to the United States District Court for the Southern District of Iowa pursuant to 28 U.S.C. § 1404(a). Under § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." At this time, the plain language of the statute is where the court's analysis ends. Section 1404(a) does not permit transfer of a suit to a district that lacks personal jurisdiction over defendants, even if defendants consent. *See Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960); *Morris v. Peterson*, 759 F.2d 809, 812 (10th Cir. 1985). Two of the defendants in this case admit that the Southern District of Iowa lacks personal jurisdiction over them, but state by way of affidavit that they will not contest personal jurisdiction there. Defendants' consent is ineffective, and the court must deny the motion to transfer at this time. This is not to say that a transfer motion might not be granted at a later time if only defendants who are subject to personal jurisdiction in Iowa are present in the case. But this is not the situation before the court at the present time.

Alternatively, defendants ask the court to transfer the case to the Iowa Utilities Board under the doctrine of primary jurisdiction. On the record presently before the court, it does not appear that referral to the Iowa Utilities Board is appropriate. Other, similar and related cases are pending in federal court in Iowa, suggesting that these issues are within the conventional experience of judges and that the cases do not require administrative discretion. *See TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1238–39 (10th Cir. 2007) (stating requirements for applying primary jurisdiction doctrine). Referral to the Iowa Utilities Board is not warranted at this time.

**IT IS THEREFORE ORDERED** that defendants' Motion to Transfer (Doc 20) is denied without prejudice.

**IT IS FURTHER ORDERED** that defendants' Motion to Stay Proceedings (Doc. 22) is denied as moot.

Dated this 20th day of October 2009, at Kansas City, Kansas.

                                            **s/ Carlos Murguia**
                                            **CARLOS MURGUIA**
                                            **United States District Judge**